UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 6:22-cv-1004 |
| v. | ) ) ) |
| LOS COCOS MEXICAN RESTAURANT, INC., SERGIO DELGADO, Individually, LUIS ALFARO, Individually, and JOSE ALVARO de LEON, Individually, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Los Cocos Mexican Restaurant, Inc. ("Los Cocos") and Sergio Delgado, Luis Alfaro, and Jose Alvaro de Leon, (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, and to recover tips Defendants kept from their employees and wages that Defendants failed to pay their employees, as well as liquidated damages, pursuant to the provisions of Sections 203(m)(2)(B), 215(a)(2), 215(a)(5), 216(c), and 217 of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), 215(a)(2), 215(a)(5), 216(c), and 217.

The Secretary, through the Wage and Hour Division, conducted an investigation of each of Defendants' three restaurants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from May 15, 2017 through May 12, 2019 at the Derby location, June 12, 2017 through June 9, 2019 at the Wichita location, and June 15,

2017 through June 12, 2019 at the Andover location (the "Investigation Periods"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Periods.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Los Cocos is a corporation within this Court's jurisdiction with an office at 1335 N. Tyler, Wichita, Kansas 67212 where it conducts business.

4. Defendant Los Cocos operates three full-service, Mexican-style restaurants located in Derby, Kansas, Wichita, Kansas, and Andover, Kansas.

5. Defendant Sergio Delgado ("Delgado") has actively managed and supervised Los Cocos' operations and its employees during the Investigation Periods. Among other things, Delgado has hired and fired employees, set their work schedules, and set their pay rates.

6. Delgado has acted directly or indirectly in Los Cocos' interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. Defendant Luis Alfaro ("Alfaro") has actively managed and supervised Los Cocos' operations and its employees during the Investigation Periods. Among other things, Alfaro has hired and fired employees, set their work schedules, and set their pay rates.

8. Alfaro has acted directly or indirectly in Los Cocos' interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

9. Defendant Jose Alvaro de Leon ("Alvaro de Leon") has actively managed and supervised Los Cocos' operations and its employees during the Investigation Periods. Among other things, Alvaro de Leon has hired and fired employees, set their work schedules, and set their pay rates.

10. Alvaro de Leon has acted directly or indirectly in Los Cocos' interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

11. During the Investigation Periods, Defendants engaged in business within Sedgwick County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

12. Los Cocos is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

13. Los Cocos is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Periods. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

14. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Defendants failed to pay certain employees, including servers for all hours worked. Additionally, Defendants paid certain employees a rate less than the minimum wage, including certain servers, at times when Defendants were not eligible to pay the tipped employee minimum wage. Further, Defendants

paid some employees, including kitchen employees, a flat salary amount that when reduced to an hourly rate was below the proscribed minimum rate. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

15. Defendants also repeatedly violated Sections 203(m) and 206 of the FLSA when they retained employee tips, operated an illegal tip pool, and shared tips with employees employed in non-tipped roles. 29 U.S.C. §§ 203(m), 206(a)(1), 215(a)(2).

16. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants failed to pay certain employees overtime wages including certain servers and kitchen workers, when it failed to pay the proper overtime premium to hourly employees it incorrectly classified as exempt from overtime. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

17. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. For example, Defendants did not make or retain the work hours for kitchen employees. Further, Defendant's payroll records for certain kitchen employees were inaccurate in the pay and hours worked. Further, Defendants rounded the hours worked by servers, creating an inaccurate record of hours worked. Moreover, Defendants did not keep a record of tips collected and distributed to servers.

## Remedies Sought

18. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A withheld tips, unpaid back wages, and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional withheld tips, back wages, and liquidated damages to employees.

19. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

20. Moreover, Defendants repeatedly and willfully violated Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, because Defendants previously violated the FLSA and knew or showed reckless disregard for whether the FLSA prohibited their conduct.

21. Specifically, Defendants acted willfully when they had notice about the FLSA's requirements by virtue of an investigation of the same establishment with the same owners in 2009 finding the same or similar violations as the investigations subject to this Complaint; they agreed to pay any unpaid minimum and overtime wages owed as a result of that earlier violation; and they assured the Secretary that they would comply with the FLSA in the future.

22. Further, Defendants' acts were repeated because the employers previously violated Sections 206 and 207, in which the employer received notice through an official of the Wage and Hour division that the employer was in violation of the FLSA.

23. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Recovery of Awarded Civil Money Penalties

24. The Wage and Hour Division assessed civil money penalties, in each of the three investigations, totaling $424,629.00, against Defendants after an administrative determination that the FLSA violations described above were repeated or willful, pursuant to 29 U.S.C. § 216(e)(2) and 29 C.F.R. § 578.3(b), (c).

25. On November 19, 2021, the civil money penalty determinations were mailed to Sergio Delgado, as the registered agent of Los Cocos, by certified mail and a copy was sent by electronic mail to Defendants' attorney representative and a copy of the letters were also sent by postal mail to Delgado, Alfaro, and Alvaro de Leon. 29 C.F.R. § 580.3.

26. According to the USPS certified mail receipt, Defendants received the civil money penalty assessments on November 22 and 23, 2021.

27. Pursuant to 29 U.S.C § 216(e)(4), Defendants had fifteen days to file an exception to the civil money penalty determination.

28. None of the Defendants, nor their attorney representative, filed an exception to the civil money penalty determination and assessment, thus, the assessment became "final and not subject to administrative or judicial review" pursuant to 29 C.F.R. § 580.5. *See also* 29 U.S.C. § 216(e)(4).

29. The Secretary of Labor may recover civil money penalties when they are finally determined, as here, in a court of competent jurisdiction, under 29 U.S.C. § 216(e)(3)(B) and in an action, as here, brought for a repeated or willful violation of Section 215(a)(2), under 29 U.S.C. § 216(e)(3)(C).

**Prayer for Relief**

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B.    Finding Defendants liable for withheld tips, unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.    If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.    An order directing Defendants to pay the Secretary of Labor for the finally determined civil money penalties assessed against Defendants.

E.    Providing such other relief as may be necessary and appropriate.

F.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/Traci Martin_____
Traci Martin
KS Bar No. 24284
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, Missouri 64108
816-285-7272
Martin.traci.e@dol.gov

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*