IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN J. WALSH, *Secretary of Labor,*
*United States Department of Labor*,

                     Plaintiff,

v.                                                    Case No. 22-1004-JWB

LOS COCOS MEXICAN RESTAURANT, INC.;
SERGIO DELGADO; LUIS ALFARO; and
JOSE ALVARO DE LEON,

                     Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. 13.) The motion is fully briefed and is ripe for decision. (Docs. 14, 15.) For the reasons stated herein, Defendants' motion to dismiss is DENIED.

**I. Facts**

The following factual allegations are taken from the complaint. (Doc. 1.) Defendant Los Cocos operates three full-service, Mexican-style restaurants in Derby, Wichita, and Andover, Kansas. (*Id.* at 2.) Defendants Sergio Delgado, Luis Alfaro, and Jose Alvaro de Leon each actively managed and supervised Los Cocos' operations and employees during periods in which Plaintiff investigated the restaurants for compliance with the Fair Labor Standards Act (FLSA). The investigative periods were from May 15, 2017 through May 12, 2019 (Derby), June 12, 2017 through June 19, 2019 (Wichita), and June 15, 2017 through June 12, 2019 (Andover). Each of these Defendants hired and fired employees, set their work schedules, and set their pay rates, while

acting in Los Cocos' interests, such that each of these Defendants is an "employer" under the FLSA.

Defendants repeatedly failed to pay their employees at least $7.25 per hour and failed to pay certain employees, including servers, for all hours worked. (*Id*. at 3.) Defendants paid some employees, including kitchen workers, a flat salary that when reduced to an hourly rate was below the proscribed minimum rate under federal law. (*Id.* at 4.) Defendants also repeatedly retained employee tips, operated an illegal tip pool, and shared tips with employees employed in non-tipped roles. (*Id.*) The foregoing was allegedly in violation of federal law, 29 U.S.C. §§ 203(m), 206(a)(1), and 215(a)(2). (*Id.*) Defendants also repeatedly violated §§ 207 and 215(a)(2) of the FLSA by failing to pay their employees one-and-one half times their regular rates for hours worked in excess of 40 in a workweek. Defendants failed to pay certain employees overtime wages, including certain servers and kitchen workers, when it failed to pay the proper overtime premium to hourly employees it incorrectly classified as exempt from overtime. (*Id.*) Additionally, according to the complaint, Defendants failed to keep complete and accurate records, in violation of §§ 211 and 215(a)(5) (including not making or retaining the work hours for kitchen employees), and the payroll records kept for certain kitchen employees were inaccurate in the pay and hours worked. (*Id.*) Further, Defendants rounded the hours worked by servers, creating inaccurate records, and did not keep a record of tips collected and distributed to servers. (*Id.*)

Plaintiff alleges that as a result of these FLSA violations, Defendants owe the employees listed in Exhibit A (Doc. 1-1) withheld tips, unpaid back wages, and liquidated damages, and, if they continued to violate the FLSA after the investigation period, may owe additional amounts to employees. (*Id.*)

The Department of Labor's Wage and Hour Division assessed civil penalties in the three investigations in a total amount of $424,629.00 against Defendants after an administrative determination that the FLSA violations were repeated or willful.  On November 19, 2021, the penalty determinations were mailed to Delgado, the registered agent of Los Cocos, by certified mail, a copy was sent by email to Defendants' attorney representative, and copies were sent by postal mail to Delgado, Alfaro, and Alvaro de Leon.  (*Id.* at 5-6.)  Certified mail receipts show Defendants received the assessments on November 22 and 23, 2021.  They had fifteen days thereafter under § 216(e)(4) to file an exception, but did not do so, making the determination "final and not subject to administrative or judicial review" under 29 C.F.R. § 580.5.  (*Id.* at 6.)

The complaint seeks permanent injunctive relief restraining Defendants from violating various FLSA provisions, finding Defendants liable for withheld tips, unpaid minimum and overtime wages, plus an equal amount in liquidate damages for the employees listed in Exhibit A, and other relief.  (*Id*. at 7.)

Defendants move to dismiss the complaint for failure to state a valid claim, arguing the complaint is a "formulaic recitation of vague allegations" that is "devoid of factual allegations that can put defendants on notice of what plaintiff is claiming."  (Doc. 13 at 3-4.)  Defendants additionally contend that the statute of limitations – which they note is two years for ordinary FLSA violations and three years for willful violations – operates to "bar [Plaintiff's] claims older than two years from the date of the filing of this case."  (Doc. 13 at 14; Doc. 15 at 4.)

**II. Standard**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007)

### III. Analysis

The court finds the allegations in the complaint are sufficient to state a valid claim for relief against Defendants. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement "is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery." *Evans v. McDonald's Corp*., 936 F.2d 1087, 1091 (10th Cir.1991). A complaint meeting that threshold gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests, which in turn allows the opposing party to frame its response to the complaint…." *See Blair v. TransAm Trucking, Inc*., No. 09-2443-EFM-DWB, 2010 WL 11565145, at *2 (D. Kan. June 7, 2010) (quoting *Capital Solutions, LLC v. Konica Minolta Bus. Solutions*, No. 08-2027-JWL-DJW, 2009 WL 3711574, at *4 (D. Kan. Nov. 3, 2009)).

The complaint puts Defendants on fair notice of the claims. It describes in plain language Defendants' acts that violated the FLSA. It alleges repeated violations of failing to pay employees the required minimum wage, of failing to pay servers for all hours worked, of improperly retaining employee tips, of operating an illegal tip pool, and of sharing tips with employees in non-tipped roles. Defendants do not claim the alleged acts do not violate the FLSA; they contend the allegations are too vague to permit them to formulate their defense. Defendants argue the complaint "should be required to state the period of time worked by each employee, the work hours

4

that defendants allegedly failed to pay and the overtime that is alleged to be owed" as well as "specify how defendants failed to keep records." (Doc. 13 at 4.)  But the complaint clearly alleges the manner in which Defendants violated the FLSA.  It includes allegations that connect several of the violations to particular categories of employees.  The complaint also adequately specifies records that Defendants failed to keep.  Of course, the complaint could hardly be faulted for failing to describe in greater detail records that were not kept.  Moreover, an attachment to the complaint identifies by name over 150 employees to whom Defendants allegedly owe compensation for the alleged violations and identifies the particular city in which each employee worked.  Defendants' suggestion that the complaint should further allege the hours worked by each of these employees is not only impractical, it is not required by the "short and plain statement" standard of Rule 8(a). Finally, the complaint alleges that Defendants acted willfully in violating the FLSA, and includes factual allegations to support the willfulness charge.  (Doc. 1 at 5) (Defendant "had notice about the FLSA's requirements by virtue of an investigation of the same establishment with the same owners in 2009 finding the same or similar violations as the investigations subject to this Complaint….") In sum, the complaint includes a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  *See Solis v. La Familia Corp*., No. 10-02400-EFM, 2011 WL 2531140, at *4 (D. Kan. June 24, 2011) ("the complaint need only allege that the defendant has violated the FLSA through its policy and practice of refusing to pay employees the appropriate amount of compensation in order to satisfy Rule 8's requirements."); *Solis v. DISH Network L.L.C.*, No. 10-CV-02009-MSK-KLM, 2011 WL 3584807, at *2 (D. Colo. Aug. 15, 2011) (complaint identifying manner in which FLSA was violated was sufficient to put defendant on notice of the factual basis for the claim).

Defendants also make a somewhat unclear argument regarding the statute of limitations. (Doc. 13 at 13.) Defendants acknowledge that ordinary FLSA violations are governed by a two-year limitation period, while willful violations are subject to a three-year period. (*Id.*) Although the complaint clearly alleges that the violations were willful, Defendants assert that "only claims for the two years preceding the filing the filing of this action are viable." (*Id.*) Defendants proceed to argue about whether or not one or more tolling agreements were signed by them and, if so, whether such agreements are valid and enforceable. (*Id.*) These arguments are misplaced given that the complaint alleges willful violations, which are in fact subject to a three-year limitations period. *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017) ("The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies.") (citation omitted); 29 U.S.C. § 255(a). The complaint in this instance was filed on January 6, 2022, meaning the three-year limitations period extends back to January 6, 2019. That period includes at least some portion of all three investigative periods identified in the complaint. Under the circumstances, Defendants are not entitled to dismissal of the complaint on statute of limitations grounds. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (dismissal of a complaint based on an affirmative defense such as a statute of limitations is proper "only when the complaint itself admits all the elements of the affirmative defense….")

### IV. Conclusion

Defendants' motion to dismiss (Doc. 13) is DENIED. IT IS SO ORDERED this 16th day of June, 2022.

                                                               _____s/ John W. Broomes_____
                                                               JOHN W. BROOMES
                                                               UNITED STATES DISTRICT JUDGE