IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES DEPARMENT OF LABOR,
*Martin J. Walsh, Secretary of Labor*,

                Plaintiff,

v.                                                               Case No. 22-1004-JWB

LOS COCOS MEXICAN RESTAURANT, INC.;
SERGIO DELGADO; LUIS ALFARO; and
JOSE ALVARO DE LEON,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on three motions filed by Plaintiff: a motion for partial judgment on the pleadings (Doc. 19); a motion to dismiss counterclaims (Doc. 21); and a motion to strike certain defenses (Doc. 23). The motions are fully briefed and are ripe for decision. (Docs. 20, 22, 24, 33-38.) For the reasons stated herein, the motion for partial judgment on the pleadings is DENIED; the motion to dismiss counterclaims and motion to strike defenses are each GRANTED IN PART and DENIED IN PART.

**I. Facts and Procedural Background**

The following allegations are taken from the complaint and the answer. Defendant Los Cocos operates three full-service, Mexican-style restaurants in Derby, Wichita, and Andover, Kansas. (Doc. 1 at 2.) Defendants Delgado, Alfaro, and Alvaro de Leon each actively managed and supervised Los Cocos' operations and employees such that these individuals were "employers" under the Fair Labor Standards Act (FLSA) during periods in which Plaintiff investigated the restaurants for compliance with the FLSA. (*Id.* at 2-3.) According to the

complaint, Defendants violated the FLSA by failing to pay employees at least $7.25 per hour, failing to pay certain employees for all hours worked, paying a flat salary at an hourly rate below minimum wage, and operating an illegal tip pool and sharing tips with employees in non-tipped roles, all in violation of 29 U.S.C. §§ 203(m), 206(a)(1), and 215(a)(2).  (*Id.* at 3-4.)  Defendants allegedly repeatedly violated §§ 207 and 215(a)(2) by failing to pay overtime as required. Additionally, Defendants allegedly violated §§ 211 and 215(a)(5) by failing to keep complete and accurate records.

The complaint alleges that Defendants owe withheld tips, unpaid back wages, and liquidated damages to specified employees and perhaps to others. Plaintiff alleges the violations were willful and entitle Plaintiff to recover back wages and liquidated damages for a three-year period.  (*Id.* at 5.)  Plaintiff also alleges the violations were "repeated," because Defendants were previously notified through an official of the Department of Labor's (DOL) Wage and Hour Division that the employer was in violation of the FLSA.  (*Id.*)

The Wage and Hour Division assessed civil penalties against Defendants totaling $424,629, after determining that the violations were repeated or willful.  Notice of this determination was sent to Defendants and received by them on November 22 and 23, 2021.  (*Id.* at 5-6.)  Defendants did not file an exception to the finding within 15 days (or thereafter), which according to Plaintiff makes the finding "final and not subject to administrative or judicial review" pursuant to 29 C.F.R. § 580.5 and 29 U.S.C. § 216(e)(4).  (*Id.* at 6.)

The complaint seeks injunctive relief restraining Defendants from violating the FLSA, an order finding Defendants liable for withheld tips, unpaid minimum wages, and overtime wages, plus an equal amount of liquidated damages, owing to the employees listed in Doc. 1-1, and an

order directing Defendants to pay Plaintiff the civil monetary penalties assessed against Defendants. (*Id.* at 6-7.)

Defendants filed an answer denying many of the allegations. (Doc. 17.) Defendants allege that employees were paid at least at the minimum wage for all hours worked, that they were paid time-and-a-half for all hours in excess of 40 hours per week, and that Defendants distributed tips to employees according to instructions provided by Plaintiff. (*Id.* at 3-4.) With respect to the assessment of civil penalties, the answer alleges that Plaintiff "deceived [D]efendants by agreeing to a stay [of] all proceedings in exchange for defendants providing extensive financial records," and Defendants "relied on that agreement when [they] failed to challenge" the assessment. (*Id.* at 4.) Defendants further allege the assessment "violated [their] constitutional rights to due process" and was factually and legally "inappropriate." (*Id.*) The answer included eighteen asserted defenses, including allegations that Defendants acted in good faith, that the assessment of civil penalties "violates the parties' agreement," and that Defendants are entitled to a set-off "for amounts Plaintiff owes to Defendants." (*Id.* at 6.) The answer also asserted one or more counterclaims for the cost of meals allegedly provided to employees, which Defendants argue should be offset against any wages owed, as well as "claims against [Plaintiff] for improperly assessed liquidated damages … [and] civil monetary penalties." (*Id.* at 8.) The counterclaims seek dismissal of all of Plaintiff's claims, judgment in Defendants' favor, and other relief. The answer "demand[s] a jury trial on all issues." (*Id.* at 9.)

## II. Motion for Partial Judgment (Doc. 19)

Plaintiff moves for partial judgment on the pleadings, or alternatively for summary judgment,[1] "as to the civil money penalties in this case." (Doc. 20 at 1.) Plaintiff notes that a

---

[1] If, on a motion under Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable

3

person who repeatedly or willfully violates minimum wage and certain other FLSA laws is subject to a civil penalty under the FLSA "not to exceed $1,100 for each such violation, as the Secretary determines appropriate," and that the amount of the penalty, when finally determined, may be recovered in a civil action by the Secretary. *See* 29 U.S.C. § 216(e)(2) & (3). Plaintiff further notes that under the FLSA, "[a]ny administrative determination by the Secretary of the amount of any penalty under this subsection shall be final" unless the aggrieved person, within 15 days of receiving notice, files an exception to the determination that the violations for which the penalty imposed occurred. *See* 29 U.S.C. § 216(e)(4).[2] Defendants concededly did not file an exception to the Secretary's determination of civil penalties against them totaling $424,629. Plaintiff cites a DOL regulation providing that a failure to take a timely exception means the administrative determination "shall be deemed final and not subject to administrative or judicial review," 29 C.F.R. § 580.5, and accordingly argues the court "should grant judgment in favor of Plaintiff on the issue of civil monetary penalties, pursuant to 29 U.S.C. § 216(e)(2)." (Doc. 20 at 3.)

A. Standard

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion under

---

opportunity to present materials pertinent to the motion. Fed. R. Civ. P. 12(d). The court has discretion in determining whether to accept materials beyond the pleadings. *See e.g., Woodie v. Berkshire Hathaway Homestate Ind. Co.*, 806 F. App'x 658 (10th Cir. 2020) (citations omitted.) Given the limited materials presented and the nature of the briefs, the court excludes from consideration all materials outside of the pleadings and determines the instant motion based on the allegations in the pleadings.

[2] The filing of a timely exception triggers a right under DOL regulations to an evidentiary hearing before an Administrative Law Judge (ALJ). *See* 29 C.F.R. §§ 580.10 – 580.12. The decision of the ALJ "shall constitute the final order of the Secretary unless, pursuant to § 580.13 of this part, there is an appeal to the Secretary." § 580.12(e). A party desiring review of an ALJ decision, "including judicial review," must file a petition for review with DOL's Administrative Review Board within 30 days, which then issues a decision. §§ 580.13(a), 580.16. When the determination of the amount of a civil penalty becomes final – whether pursuant to an assessment under § 580.5, an ALJ decision under § 580.12, or a decision of the Administrative Review Board under § 580.16 – the penalty thus determined is immediately due. 29 C.F.R. § 580.18(a). The penalty may be deducted from sums owed by the United States to the person charged, recovered in a civil action brought by the Secretary, or ordered by the court in action brought for certain repeated or willful FLSA violations. *Id.*, § 580.18(b).

Rule 12(c) is reviewed under the same standard applicable to a motion under Rule 12(b)(6)." *Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th Cir. 2015) (citing *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004)). As such, the court will "accepts all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotation marks and citation omitted). "Granting a motion for judgment on the pleadings requires the movant to establish an absence of any issue of material fact and entitlement to judgment as a matter of law." *Landmark Am. Ins. Co.*, 619 F. App'x at 708 (citing *Colony Ins. Co.*, 698 F.3d at 1228).

**B. Analysis**

The court finds Plaintiff has not shown an entitlement to judgment on the civil penalty determination. Specifically, Plaintiff has not shown that Defendants' failure to file an exception to the assessment precludes all judicial review of that determination. The FLSA subjects to civil penalties any person "who repeatedly or willfully violates" the FLSA's minimum wage or overtime provisions. 29 U.S.C. § 216(e)(2). It grants the Secretary discretion with respect to assessment of a penalty, listing two specific factors that must be considered and setting a maximum of $1,100 for each violation, but otherwise stating that the penalty shall be "as the Secretary determines appropriate." *Id.* DOL has promulgated regulations that permit a person subjected to a penalty assessment to request and obtain administrative review of the decision. The FLSA appears to be silent, however, concerning judicial review of a civil penalty determination by the Secretary.

Under the Administrative Procedures Act (APA), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

5

of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The provision waives the United States' sovereign immunity on claims seeking declaratory or other equitable relief from agency action. *See Tompkins v. United States Dept. of Veteran Affairs*, 16 F.4th 733, 740 (10th Cir. 2021). As far as the APA is concerned, it makes no difference that Plaintiff is seeking judicial enforcement of a penalty determination. *See* 5 U.S.C. § 703 ("Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil … proceedings for judicial enforcement.") And where the relevant statute provides no direct guidance on judicial review (and Plaintiff cites no FLSA provision governing judicial review), the APA generally provides such a right with respect to final agency actions. *See* 5 U.S.C. § 704 ("final agency action for which there is no other adequate remedy in a court [is] subject to judicial review."); *see also Acura of Bellevue v. Reich*, 90 F.3d 1403, 1407 (9th Cir. 1996) ("The FLSA does not authorize or preclude judicial review of final agency decisions. The final decisions of the Department are therefore reviewable pursuant to Section 10(c) of the APA….") An agency's action is considered final for purposes of the APA even if further administrative appeals were available, unless the agency's rules required that appeals be exhausted and the determination is inoperative in the meantime. *Id.* DOL's regulations permitted Defendants to pursue administrative review of the penalty determination, but Plaintiff has not shown that its rules required Defendants to pursue an appeal, and both the FLSA and DOL's regulations make clear that a penalty determination is considered final if there is a failure to file an exception within 15 days. *See* 29 U.S.C. § 216(e)(4) (administrative penalty determination by the Secretary "shall be final" unless an exception is filed within 15 days, "in which event final determination … shall be made in an administrative proceeding….") In short, Defendants have shown that they are aggrieved by a final agency action and that the APA provides a right to judicial

review of such actions, while Plaintiff has failed to show that judicial review under the APA is precluded. Cf. *Walsh v. Massonti Homecare LLC*, No. 20-CV-988-RLW, 2021 WL 4459735, *3–4 (E.D. Mo. Sept. 29, 2021) (rejecting DOL argument that its FLSA determination was not subject to review under the APA); *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 674 (1st Cir. 1998) (imposition of FLSA penalties reviewed under APA); *Thirsty's, Inc. v. U.S. Dep't. of Labor*, 57 F. Supp. 2d 431, 433 (S.D. Tex. 1999) (reviewing FLSA penalty under APA).

Plaintiff's argument that judicial review is precluded appears to be based solely on DOL's own regulation, 29 C.F.R. § 580.5. (*See* Doc. 38 at 2.). That regulation in fact states that a failure to take exception within 15 days means the Secretary's penalty determination "shall be deemed final and not subject to administrative *or judicial review*." *Id.* (emphasis added). The agency's desire to be the judge of its own case is understandable. Possessing executive power as an agency of the executive branch of the federal government, and claiming for itself the legislative power to enact laws in the form of regulations under FLSA, it is undoubtedly tempting to try to complete the trifecta by appropriating the judicial power from the courts, thereby bringing all the powers of government into one set of hands as it pertains to certain matters within the agency's jurisdiction. That is what 29 C.F.R. § 580.5 purports to do by precluding judicial review of Plaintiff's civil penalty determinations, thus making Plaintiff both prosecutor and judge in its own case for monetary penalties against Defendant. Giving effect to that regulation would undoubtedly raise serious separation of powers questions. Fortunately, the court need not undertake that analysis. First, Plaintiff fails to show or explain its statutory authority for precluding judicial review. Moreover, Plaintiff fails to reconcile the offending regulation with the APA, which appears to grant a right to judicial review. Plaintiff cites to 29 U.S.C. § 216(e)(4), yet that statute only declares that a failure to file a timely exception means the Secretary's administrative determination

7

"shall be final." It does not purport to preclude judicial review. The fact that an administrative determination is "final" does not preclude judicial review. On the contrary, finality is ordinarily a prerequisite for obtaining judicial review under the APA.[3]

The fact that Plaintiff has failed to show that judicial review of its penalty determination is precluded is sufficient reason to deny Plaintiff's motion for partial judgment on the pleadings. Beyond that the court makes no determination with respect to other issues or arguments not currently at issue, including Defendants' assertion that they have a Seventh Amendment right to jury trial on facts relating to the civil penalties. The court need not decide such questions to rule on the instant motion. The court also notes that Plaintiff's motion does not address the applicable standard of review under the APA, the state of any agency record, or how review of the claim for enforcement of civil penalties under § 216(e)(3)(B) is impacted by Plaintiff's claim for penalties under § 216(e)(3)(C) or by the remaining claims asserted by Plaintiff. Plaintiff's motion for judgment on the pleadings is denied.

**III. Motion to Dismiss Counterclaims (Doc. 21)**

Plaintiff moves to dismiss Defendants' counterclaims, arguing the court lacks subject matter jurisdiction to address the counterclaims due to the United States' sovereign immunity. (Doc. 22 at 1.) The court agrees in part.

Sovereign immunity shields the United States and its agencies from suit absent a waiver of immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation

---

[3] "When ... the relevant administrative agency statutory provisions do not directly provide for judicial review, the APA authorizes judicial review only of 'final agency action.'" *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999) (citing 5 U.S.C. § 704; *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 882 (1990)). "If there is no 'final agency action,' as required by the controlling statute, a court lacks subject matter jurisdiction." *Id*. (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

omitted.) Sovereign immunity is jurisdictional in nature, meaning that absent a waiver a federal court lacks subject matter jurisdiction to decide a claim against the United States. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006) ("Absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States.") (citation omitted.) As noted previously, the APA contains a limited waiver of sovereign immunity for declaratory and injunctive relief claims against the United States. 5 U.S.C. § 702 ("An action … seeking relief other than money damages … shall not be dismissed … on the ground that it is against the United States…."). *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006) (Section 702 "'waive[s] sovereign immunity in most suits for nonmonetary relief' against the United States [and] its agencies….'") But the waiver by its terms does not apply to claims for money damages. Nor does it apply where any other statute that consents to suit expressly or impliedly forbids the relief sought. *See id*. (citations omitted.) An example of the latter is the Tucker Act (and the Little Tucker Act), which impliedly forbids federal courts from ordering declaratory and injunctive relief on contract claims against the government. *Id.* at 1082.

To the extent Defendants' counterclaims assert that employees [or Plaintiff] "owe" Defendants, that they "should be required to pay a reasonable price for meals consumed," or are "indebted in an amount greater than [P]laintiff's claims" for meals provided, the court agrees with Plaintiff that these constitute claims for monetary relief that are barred by sovereign immunity. Insofar as Defendants' counterclaims 1, 2, and 3 seek such relief, they are dismissed for lack of jurisdiction. (*See* Doc. 17 at 7-8.)

Insofar as counterclaims 4 and 5 seek to recoup the value of meals provided to employees so as to reduce amounts owed by Defendants to Plaintiff in this action, the court finds that the allegations are sufficient to raise an affirmative defense of recoupment but do not support a free-

standing claim for relief. Recoupment is an equitable defense, not a legal claim for money damages or an equitable cause of action. *See W&T Offshore, Inc. v. Bernhardt*, 946 F.3d 227, 240 (5th Cir. 2019). The general rule is that "when the United States institutes an action, defendant may assert by way of recoupment any claim arising out of the same transaction or occurrence as the original claim in order to reduce or defeat the government's recovery." *United States v. Taylor*, 342 F. Supp. 715, 716 (D. Kan. 1972) (citations omitted); *see also Berrey v. Asarco Inc.*, 439 F.3d 636, 644-45 (10th Cir. 2006). Insofar as counterclaims 4 and 5 can be construed as asserting an equitable defense of recoupment, the answer has sufficiently raised that defense and put Plaintiff on notice of it. Plaintiff's motion to dismiss counterclaims 4 and 5 as free-standing causes of action, however, is granted.

Counterclaim 6 asserts a claim "for improperly assessed liquidated damages" while counterclaim 7 asserts a claim "for improperly assessed civil money penalties." (Doc. 17 at 8.) Counterclaim 6 does not explain what liquidated damages were "assessed," so the basis for this claim is unclear. It appears to be a denial of liability for the liquidated damages sought in the complaint rather than a claim for affirmative relief. The court accordingly grants Plaintiff's motion to dismiss the claim. As for counterclaim 7, that claim, when viewed in the light most favorable to Defendants, can be construed as seeking review under the APA of Plaintiff's civil penalty assessment and a declaration that the assessment was unlawful. On that basis, the court will deny Plaintiff's motion to dismiss this counterclaim. *Cf. Herman v. Excel Corp.*, 37 F. Supp. 2d 1117, 1121-22 (C.D. Ill. 1999) ("[T]he Court finds that the letter constitutes a final agency action subject to judicial review under the APA, that the Government's grant of sovereign immunity has been waived under the APA, and that Excel is entitled to file a Counterclaim against the Secretary.")

In sum, Plaintiff's motion to dismiss is granted as to counterclaims 1, 2, 3, 4, 5, and 6. The motion is denied with respect to counterclaim 7.

### IV. Motion to Strike (Doc. 23)

Plaintiff moves to strike the affirmative defenses identified in the answer as numbers 1, 7, 9, 11, 14, and 18 because "they are inapplicable, legally insufficient, and invalid." (Doc. 24 at 2.)

### A. Standard

The court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Charbonneau v. Mortg. Lenders of Am., LLC*, No. 18-2062-HLT-ADM, 2020 WL 4334981, at *7 (D. Kan. July 28, 2020) (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648-49 (D. Kan. 2009)). "A district court has discretion to strike a defense where the insufficiency is 'clearly apparent and 'no factual issues exist that should be determined in a hearing on the merits.'" *Id.* (citing *Hayne*, 263 F.R.D. at 649).

### B. Analysis

Defendants' affirmative defense number 1 asserts that the petition fails to state a claim on which relief can be granted. In view of the court's prior denial of Defendants' motion to dismiss on these grounds, the court will strike affirmative defense number 1 as immaterial to the remaining issues in the case. *See* Doc. 16.

Defense number 7 alleges in part that Defendants' actions were "taken in good faith and without malice." (Doc. 17 at 6.) Although Plaintiff accurately points out that some of the allegations in this defense are immaterial (such as the allegation that Defendants' acts were "non-discriminatory"), Plaintiff effectively concedes that the allegation of good faith is relevant to the

11

claim for liquidated damages under 29 U.S.C. § 260.  The motion to strike this defense is therefore denied.

Defense number 9 alleges that Defendants were not "motivated by malice or evil motive or intent" and they "did not recklessly disregard Plaintiff's protected rights." (Doc. 17 at 6.) Defendants have failed to show that malice or reckless disregard of rights are essential elements of any of the claims asserted.  This defense is accordingly stricken.

Defense number 11 asserts a right to a setoff or credit against any damages recovered by Plaintiff for amounts Plaintiff owes Defendants.  For reasons previously indicated, the court construes this allegation as an assertion of equitable recoupment.  The motion to strike is denied on that basis.

Defense number 14 purportedly reserves a right to amend the answer or add counterclaims as necessary.  Given that the right to amend pleadings is governed by the Federal Rules of Civil Procedure, the court will strike this defense as immaterial.

Defense number 18 asserts that Defendants' "bona fide defenses should preclude civil money penalties." (Doc. 17 at 7.)  Plaintiff's objection to this defense is based on an assertion that the Secretary's penalty assessment is not subject to judicial review. (Doc. 24 at 3.)  The court has rejected that argument, however, and accordingly denies Plaintiff's motion to strike this defense.

**V. Conclusion**

Plaintiff's motion for partial judgment on the pleadings (Doc. 19) is DENIED.

Plaintiff's motion to dismiss counterclaims (Doc. 21) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED as to counterclaims 1, 2, 3, 4, 5, and 6; those counterclaims are DISMISSED.  The motion is denied with respect to counterclaim 7.

Plaintiff's motion to strike (Doc. 23) is GRANTED IN PART and DENIED IN PART. The motion is granted as to the affirmative defenses numbered 1, 9, and 14. The motion is denied as to the affirmative defenses numbered 7, 11, and 18.

IT IS SO ORDERED this 1st day of November, 2022.

                                                                  s/ John W. Broomes
                                                                JOHN W. BROOMES
                                                                UNITED STATES DISTRICT JUDGE