**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JULIE SU, ACTING SECRETARY OF LABOR, )
U.S. DEPARTMENT OF LABOR, )
)
Plaintiff, )
)
v. ) Civil Action No. 6:22-cv-1004
)
LOS COCOS MEXICAN RESTAURANT, INC., )
et al., )
)
Defendants. )

**SECRETARY OF LABOR'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

The Secretary's Motion for Summary Judgment should be granted because there are no disputes of any material fact, and the Secretary is entitled to judgment as a matter of law on all her claims. The Secretary accurately presented the facts, based almost exclusively on Defendants' deposition testimony, records, and the parties' stipulations, demonstrating Defendants' pay practices violated the FLSA. As such, Plaintiff is entitled to recover back wages, liquidated damages, and civil money penalties. In their opposition, Defendants engage in seemingly endless efforts to distance themselves from their own records, deposition testimony, and the parties' stipulations. It is well settled a non-moving party cannot manufacture sham issues of material fact by contradicting their own sworn testimony. After sorting through the fog of revisionist history, and by holding Defendants to their own admissions, it is clear there are no genuine issues of material fact, and Plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff respectfully moves this Court to grant summary judgment in her favor, on all claims.

## I. PLAINTIFF'S REPLY TO STATEMENTS OF FACT.

The Court can disregard Defendants' responses to the Secretary's Statement of Undisputed Material Facts because Defendants do not support their contentions with citations to the record, in violation of D. Kan. R. 56.1(b)(1) and Fed. R. Civ. P. 56(c). The local rule requires "a concise statement of material facts as to which the

party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies." The federal rule requires each fact be supported by a citation to the materials in the record. Courts disregard unsubstantiated conclusory allegations on summary judgment, *Harvey Barnett, Inc. v. Shidler,* 338 F.3d 1125, 1136 (10th Cir. 2003), and treat these unsupported controverted statements as admitted. *Daniels v. United Parcel Serv., Inc.*, 797 F. Supp. 2d 1163, 1174 (D. Kan. 2011), *aff'd,* 701 F.3d 620 (10th Cir. 2012) (controverted facts not supported by the record "will not be deemed controverted."). Additionally, courts routinely disregard inappropriate argument within the fact section. *Barnes v. Convergys Corp.*, No. 08-2603-JAR, 2010 WL 11627991, at *4 (D. Kan. Mar. 17, 2010) ("Legal argument should be relegated to the argument section of the brief, not the statements of fact.").[1]

The Court should not allow Defendants to escape liability and avoid summary judgment with their unsupported facts and baseless arguments. The Court can easily disregard Defendants' "controverted" and "disputed" statements because Defendants failed to support these statements with citations to the record. Thus, the Court should deem Plaintiff's facts, which are well supported by the record, as admitted. Further, the Court should ignore Defendants additional "facts" within their argument section because they are also not supported by the record either, and the Plaintiff is not required to provide a response. *Harte v. Bd. of Comm'rs of the Cnty. of Johnson Cnty.*, No. 13-2586-JWL, 2015 WL 10960965, at *1 (D. Kan. Nov. 13, 2015) (plaintiff was not obligated to specifically controvert additional factual statements in an argument section that are not identified in the statement of facts, and the court will not deem any of those facts to be admitted). Finally, the Court should ignore Defendants inappropriate argument throughout their response to Plaintiff's facts. Even though the Court can easily ignore Defendants' improper response to Plaintiff's facts, the Secretary provides a reply to Defendants'

---

[1] *See also Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts. We have held that a district court has broad discretion to require strict compliance with Local Rule 56.1."); *Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) (a party's statement of material facts submitted pursuant to Local Rule 56.1 is improper where it is "filled with irrelevant information, legal arguments, and conjecture").

alleged controverted facts.[2]

SOF 3: This fact is uncontroverted. Defendants erroneously argue Plaintiff's fact is not admissible, yet the Secretary attached a declaration from a witness with firsthand knowledge of the products she photographed while at the restaurant, and thus the fact does not rely on hearsay. *See* Doc. 82-20.

SOF 8: This fact is uncontroverted. The tip pool was mandatory. (Stipulation ¶ xxvii: "During the Investigative Period, Defendants operated a tip pool in which servers were *required* to turn over 2% of their shift's sales.") (emphasis added). As outlined in Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 86), Defendants cannot create controverted facts with their unsigned, undated, declaration that conflicts with sworn deposition testimony.

SOF 9: This fact is uncontroverted; the stipulated fact speaks for itself.

SOF 10: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 11: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 13: This fact is uncontroverted. As outlined in Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 86), Defendants cannot create controverted facts with their unsigned, undated, declaration that contradicts sworn deposition testimony. Additionally, the additional facts included in Defendants' response refer to a practice that was implemented *after* the investigation and therefore is not relevant or material to Plaintiff's claims at issue on summary judgment. (Alfaro Dep., Doc. 84-1, 67:15-68:9, 113:1-3).

SOF 14: This fact is uncontroverted; the cited stipulation and deposition testimony speaks for itself.

SOF 15: This fact is uncontroverted; the cited testimony speaks for itself. Defendants' statement that cooks were paid for hours they didn't work is not supported by a citation to the record, and thus it must be disregarded.

---

[2] Defendants do not dispute facts 1-2, 4-7, 12, 20, 30, and 45.

SOF 16: This fact is uncontroverted. Defendants' statement that cooks were paid for hours they didn't work is not supported by a citation to the record, and thus it must be disregarded.

SOF 17: This fact is uncontroverted; the cited testimony speaks for itself.

SOF 18: This fact is uncontroverted; the stipulations and Defendants' recreated kitchen schedules speak for themselves. Defendants' argument that this fact relies on hearsay is baseless and not supported by a citation to the record, and thus, must be disregarded.

SOF 19: This fact is uncontroverted. Defendants' additional argument about "rounding" work hours is not a fact, but rather improper argument and thus must be disregarded. *See Barnes* 2010 WL 11627991, at *4. Moreover, Defendants' "rounding" argument grossly misstates the law. *See infra* Part III.C.

SOF 21: This fact is uncontroverted; the cited testimony speaks for itself.

SOF 22: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 23: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 24: This fact is uncontroverted; the cited testimony speaks for itself. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded. Defendants' additional argument about "rounding" work hours is not a fact, but rather improper argument and thus must be disregarded. Defendants' baseless argument must be disregarded because it is improper to include argument as facts. *See Barnes* 2010 WL 11627991, at *4. Moreover, Defendants' "rounding" argument grossly misstates the law. *See infra* Part III.C.

SOF 25. This fact is uncontroverted; the cited testimony speaks for itself. Defendants' additional argument about "rounding" work hours is not a fact, but rather improper argument and thus must be disregarded. Defendants' baseless argument must be disregarded because it is improper to include argument as facts. *See Barnes* 2010 WL 11627991, at *4. Moreover, Defendants' "rounding" argument grossly misstates the law. *See*

*infra* Part III.C.

SOF 26: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 27. This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 28: This fact is uncontroverted. Defendants merely state this fact is "disputed and controverted".

SOF 29. This fact is uncontroverted. If records exist, Defendants should have included them in their response. Thus, the Court must disregard this unsupported assertion.

SOF 31: This fact is uncontroverted; the cited testimony speaks for itself.

SOF 32: This fact is uncontroverted; the cited testimony speaks for itself. Additionally, Defendants fail to support their additional assertions and argument with a citation to the record, and thus it must be disregarded. Further, Defendants include quotations that are not relevant to the fact asserted and must be ignored because it is unclear what Defendants are responding to.

SOF 33: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOFs 34-43: These facts are uncontroverted. Defendants only object to the admissibility of these facts. As outlined in the Secretary's Motion (Doc. 81), her brief in Opposition to Defendants' Motion (Doc. 86), and below, these facts are not barred by Fed. R. Evid. 408, and the Court should overrule Defendants' objection. Finally, Defendants' additional assertions and argument buried in these facts are not supported with a citation to the record, and thus it must be disregarded.

SOF 44: This fact is uncontroverted. Mr. Sturdivant outlined in his declaration why he expanded his investigation to the other locations. Defendants' other assertions are not supported with a citation to the record, and thus it must be disregarded. Finally, Defendants' assertion that there were no violations at the Derby location is patently false. Mr. Sturdivant testified for hours about the violations he found at the Derby location. (Doc. 84-

4, 15:1-171:20).

SOF 46: This fact is uncontroverted. Defendants cite to various portions of Mr. Sturdivant's deposition testimony, but none of those statements contradict Mr. Sturdivant's declaration.[3] Further, Defendants' arguments about retaining the tip pool money until payday misstates Mr. Alfaro's testimony because the testimony refers to a practice that was implemented at the restaurant *after* the investigation and therefore is neither relevant nor material to Plaintiff's claims at issue on summary judgment. (Alfaro Dep., Doc. 84-1, 67:15-68:9, 113:1-3).

SOF 47: This fact is uncontroverted. Defendants fail to provide any evidence to dispute Mr. Sturdivant's computations, thus, their argument must be disregarded. Likewise, Defendants' assertion that Mr. Sturdivant instructed Defendants to change the hourly rate of hosts and bussers is not supported with a citation to the record and must be disregarded.[4] Finally, Defendants' pages of baseless argument tucked into this fact must be disregarded because it is improper to include argument as facts. *See Barnes* 2010 WL 11627991, at *4.

SOF 48: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 49: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 50: This fact is uncontroverted. Defendants fail to support their assertions and argument with a citation to the record, and thus it must be disregarded.

SOF 51: This fact is uncontroverted. The parties have submitted their legal arguments on this issue.

SOF 52: This fact is uncontroverted. Defendants' baseless argument must be disregarded because it is improper to include argument as facts. *See Barnes* 2010 WL 11627991, at *4.[5]

[3] Specifically, Mr. Sturdivant did not compute back wages associated with servers not paid for all hours worked at the Derby location. (Doc. 82-1, Sturdivant Decl. ¶ 46(c)).

[4] Additionally, Plaintiff dispute this fact. *See* (Doc. 86, Plaintiff's Response to D-SOF 23; Doc. 86-1, ¶¶ 54, 56).

[5] Plaintiff does not dispute Jose Alvaro de Leon did not sign the final operative agreement to toll the statute of limitations and thus, his liability is limited to the three years prior to Plaintiff's Complaint. However, as outlined in Section III.A, Defendants are jointly and severally liable.

SOF 53: This fact is uncontroverted. Defendants' baseless argument must be disregarded because it is improper to include argument as facts. *See Barnes* 2010 WL 11627991, at *4.

## II. LEGAL STANDARD

The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol—Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). "A fact is material only if it might affect the outcome of the suit under the governing law. And a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1265-66 (10th Cir. 2015) "The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Stevens v. Water District One of Johnson Cnty.*, 561 F. Supp. 2d 1224, 1230 (D. Kan. 2008).

## III. ARGUMENTS AND AUTHORITIES

Defendants have not raised a genuine dispute of any material fact to overcome the Plaintiff's motion for summary judgment. Thus, the Court should grant the Secretary's Motion in its entirety.

### A. Defendants are Jointly and Severally Liable for Compliance with the Act.

Defendants do not dispute they are jointly and severally liable for compliance with the FLSA, including that Defendants Alfaro, Delgado, and Alvaro are employers under the Act and that Los Cocos is an FLSA-covered enterprise, pursuant to 29 U.S.C. §§ 203(d) and 203(s)(1)(A). (SOF ¶¶ 2-5). Accordingly, the Court should grant the Secretary's Motion on these issues.

### B. Defendants kept server tips, in violation of § 203(m)(2)(B).

#### *1. Keeping tips to offset the expense of other wages is a violation of the FLSA.*

The parties do not dispute the basic facts: Defendants required servers to turn over a portion of their tips and kept those tips to offset the cost of paying the hourly wage of the hosts and bussers. (Stipulation ¶¶ xxvii,

xxviii, xxix). As numerous courts have held in similar cases, taking tips from employees and using those tips to pay the wages of other employees is a violation of the FLSA. *See e.g.*, *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725, 2010 WL 4159391, at *12 (S.D.N.Y. Sept. 30, 2010) (finding tips were illegally retained where waiters were required to remit a portion of their tips that were then used to pay bussers); *Richard v. Marriott Corp.*, 549 F.2d 303, 305-06 (4th Cir. 1977); *Mackereth v. Kooma, Inc.*, No. CIV.A. 14-04824, 2015 WL 2337273, at *9 (E.D. Pa. May 14, 2015). Thus, the undisputed facts establish as a matter of law Defendants violated section 203(m) of the FLSA.

2. *There is no evidence Defendants operated a tip pool.*

Defendants' argument they operated a tip pool is nothing more than a fantasy. It is Defendants' burden to prove they operated a valid tip pool and are entitled to the tip credit. *Garcia v. Palomino*, 738 F. Supp. 2d 1171, 1177-78 (D. Kan. 2010). Defendants' own records do not support the notion Defendants operated a tip pool because such records plainly show hosts and bussers were paid only an hourly wage. (SOF ¶¶ 12-13).[6] Defendants admit they paid hosts and bussers only an hourly wage. (Alfaro Dep. 61:18-25). In addition to Defendants' own records and testimony, the actual pay hosts and bussers received proves there was no tip pool. In a valid tip pool, the tips collected are fully redistributed to other tipped employees and, as a result, pay of the tipped employees fluctuates day to day. (SOF ¶ 40). Here, no matter how much of servers' tips Defendants collected, hosts and bussers were always paid the same hourly rate. (SOF ¶¶ 12-13). *See Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, No. GJH-13-01888, 2015 WL 4459387, *4 (D. Md. July 17, 2015) (defendant violated section 203(m) when it collected tips and then reimbursed a set amount without regard to how much in tips were actually collected).

At no point in their all-day depositions did any individual Defendant provide the long-winded, convoluted explanation now presented to the Court throughout Defendants' response, that hosts and bussers were

---

[6] This is not an issue of Defendants not knowing how to properly document an employee being paid an hourly rate plus tips, because their records for servers demonstrate that they understood how to do document this pay arrangement. *See* Doc. 82-4.

paid varying hourly amounts from various sources. (Doc. 87 p. 18). Tellingly, Defendants do not support this explanation with any citation to the record, and thus the Court must disregard this baseless argument.

The undisputed facts, parties' stipulations, and Defendants' own testimony and records prove Defendants did not operate a tip pool and did not pay hosts and bussers tips. No reasonable juror could conclude otherwise. Thus, the Court should grant the Secretary's Motion.

3. *Defendants' other arguments are meritless.*

Defendants' other arguments are not supported by the factual record or any law, and therefore they must be disregarded:

- There is no ambiguity in how the term "keep" is applied to a tip pool. *See* 29 C.F.R. § 531.54(b) (defining "keep" in the context of administering a tip pool); § 531.54(c)(2) (a tip pool is valid only if the employer does not "retain any of the employee's tips" for any purpose other than administering the tip pool). Defendants admit they kept the money from the servers to offset their wage expense. (Stipulation ¶ xxix). Defendants' argument that "keep" only includes using employee tips to purchase equipment, vehicle, and furniture, (Doc. 87 at p. 18), is not supported by the FLSA.

- Defendants' reliance on *William v. Jacksonville Terminal Co.*, 315 U.S. 386, 397 (1942) and *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577 (9th Cir. 2010), is misplaced. Both decisions pre-date the version of section 203(m) at issue here. Section 203(m)(2)(B) now strictly prohibits keeping tips even if the employee is paid greater than the minimum wage. *See* 203(m)(2)(B). "An employer may not keep tips received by its employees for any purposes, . . . *regardless of whether or not the employer takes a tip credit*." Public Law 115-141, effective March 23, 2018 (emphasis added). Additionally, *Williams* makes it clear a tip pool must adhere to the statutory requirements, which includes section 203(m)(2)(B)'s prohibition from keeping employee tips. *Id.* at 397. *Cumbie* involved a tipped employee who was paid an hourly rate greater than the minimum wage and an employer that did not take a tip credit. Here, the parties have stipulated servers were paid only $2.30 per hour, less than the minimum wage, and that Defendants took a tip credit. (Stipulation ¶ xxvi). Thus, this decision is inapposite.

- Defendants' illegal tip pool was more than a recordkeeping violation. To be clear, the FLSA violation is that Defendants took money from servers and kept it to pay the hourly wage of other employees. Further, Defendants admit they attempted to resolve the issue, not by merely updating their records, but by actually redistributing the tips taken from the servers to the bussers and hosts.

The undisputed facts are clear: Defendants did not operate a tip pool; hosts and bussers were only paid an hourly wage; and tips from servers were kept by Defendants to offset the cost of the bussers and hosts' hourly wages. These facts lead to only one conclusion, that Defendants violated the FLSA and are liable for the unlawfully retained tips, the tip credit, and liquidated damages. *See* 29 U.S.C. §§ 203(m), 216(b). Thus, the Court should grant the Secretary's Motion for summary judgment.

**C. Defendants must pay servers for every hour they worked.**

Defendants' records indisputably demonstrate servers were not paid for every hour they worked. (SOF ¶ 10). Defendants' records show servers working ninety or more hours a pay period and being paid for exactly eighty hours. *Id.* A reasonable jury could only come to one conclusion: servers were not paid for every hour they worked and are owed minimum wage for those unpaid hours.

Defendants argue it was possible they were "rounding" the servers' hours. However, they fail to put forth any facts of a rounding policy and completely omit the governing law. Rounding is the practice of "recording the employees' starting time and stopping time to the nearest [five] minutes, or to the nearest one-tenth or quarter of an hour," or to some other consistent time increment. 29 C.F.R. § 785.48(b); *see Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1287 (10th Cir. 2020). The FLSA permits rounding as long as "it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." *Id.* at 1288. A valid rounding policy must be "neutral, both facially and as applied." *Id*. It must allow for rounding both up and down, so that an employee is sometimes compensated for time not spent working, and sometimes not compensated for time spent working. *Id.* Here, Defendants fail to present any facts they had a neutral "rounding" policy that rounded both up and down. Instead, the undisputed facts and Defendants' records show

that Defendants routinely and regularly capped hours at eighty to avoid paying employees overtime wages. (SOF ¶¶ 10, 11, 24; Doc. 82-1, Sturdivant Decl. ¶ 39(b)). Capping an employee's weekly work hours is not equivalent to rounding the start and stop time by a few mintues. Thus, the Secretary is entitled to summary judgment, and the Court should award back wages and liquidated damages for these unpaid hours.[7]

**D. Servers were not paid the proper overtime rate.**

Defendants' records indisputably establish they paid servers the incorrect overtime rate, either $2.30 or $3.45, instead of $5.925 per hour. (SOF ¶ 11; Doc. 82-1, Sturdivant Decl. ¶ 22; Doc. 82-4). Thus, the undisputed facts establish Defendants violated section 7 of the FLSA, and the Court should grant the Secretary's Motion and award the unpaid overtime wages. 29 U.S.C. § 216.

**E. Kitchen employees are owed minimum wage and overtime.[8]**

Again, caught by their own admissions, Defendants attempt to explain how kitchen employees could have been paid, rather than how they were *actually* paid. There is no dispute: kitchen employees were paid a fixed salary for all hours worked, which exceeded fifty-five hours each week. (SOF ¶¶ 14-15, 17-19). Kitchen employees are owed overtime because their salary cannot include the overtime rate. *See Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 526 (W.D. Pa. 2021) (granting summary judgment for the DOL where employer paid kitchen employees a salary regardless of the number of hours worked).

Defendants attempt to argue kitchen employees were paid an hourly wage, which is simply not supported by the record. Defendants assert they paid kitchen employees cash each week for hours the employees did *not* work. (Defendants' Response to SOF 6). No reasonable juror would believe an employer would pay employees for time they did not work. Rather, and the Defendants' testified as much, the cash was to ensure each employee was paid the agreed upon salary each pay period. (SOF ¶¶ 16-17). Knowing this pay scheme violated the FLSA,

[7] In computing the back wages, the Secretary considered the breaks full-time servers took during the day. *See* Doc. 82-1, Sturdivant Decl. ¶ 39(c).

[8] Defendants do not challenge Plaintiff's claim that kitchen employees are owed minimum wage. The undisputed facts establish this violation as a matter of law (SOF ¶ 22; Doc 82-1, Sturdivant Decl. ¶ 43), and thus the Court should grant the Secretary's Motion on this issue.

Defendants created payroll records that showed the kitchen employees making an hourly wage. (SOF ¶¶ 21-22). Defendants even entered a varying number of hours each week to give the appearance of compliance with the FLSA. (SOF ¶ 21). However, the undisputed facts establish that Defendants did not track the number of hours the kitchen employees worked, and they paid employees cash every pay period so that, in addition to the paycheck, they received the agreed upon salary. (SOF ¶¶14-21). Thus, the undisputed facts establish Defendants violated section 7 of the FLSA and are liable for the unpaid overtime wages.

**F. Defendants violated the FLSA's recordkeeping requirements.**

The undisputed facts establish Defendants violated the recordkeeping provisions of the FLSA, including: (1) failing to record tips (SOF ¶ 25); (2) misreporting tips (SOF ¶ 26); (3) failing to make a record of the working hours of kitchen employees (SOF ¶ 20); (4) underreporting the working hours of servers, hosts, and bussers (SOF ¶ 24); and (5) keeping inaccurate pay records that omitted cash payments (SOF ¶ 23).[9] 29 U.S.C. § 211; 29 C.F.R. §§ 516.2, 526.28. Thus, the undisputed facts overwhelmingly establish, as a matter of law, Defendants violated section 11 of the FLSA.[10]

Defendants argue they aren't liable for these violations because the cooks refused to use the time clock system. (Doc. 87, pp. 32-34). As a threshold matter, the duty to maintain and preserve records is a non-delegable duty of employers. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011). But importantly, Defendants' time clock rule excluded cooks, and Defendants admit they did not do anything to ensure the cooks used the time clock. (Plaintiff's Response to D-SOF ¶ 29, Doc. 86). Thus, as Defendants admit, they did not track the start and stop time for the kitchen employees, and the Secretary is entitled to summary judgment on the recordkeeping violations.

**G. Defendants' violations of the FLSA are willful.**

Defendants willfully violated the FLSA because they had actual knowledge of the FLSA's requirements and

---

[9] Each violation is an independent and discrete violation of section 11 of the FLSA.

[10] Defendants only dispute the recordkeeping violation as to the working hours of the cooks, and thus appear to agree the other recordkeeping violations exist.

created a pay scheme to avoid compliance. 29 U.S.C. § 255(a); *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011). Defendants do not dispute the underlying facts of their willful conduct, including having been previously investigated by Wage and Hour, being told their pay practices were illegal, continuing those illegal pay practices, and creating false and misleading payroll and time records to give the appearance of compliance with the FLSA. (SOF ¶¶ 30, 33, 37-41).

Rather, Defendants argue the facts of the First Investigation[11] are not admissible under Fed. R. Evid. 408 and that Defendants' willful conduct did not occur within the two or three years prior to Plaintiff' Complaint. Defendants do not provide any legal authority for these arguments and, as such, the Court can easily disregard them. Even so, as outlined in Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (Doc. 86), these arguments are not supported by the law. *See* Doc. 86, p. 36. It is well settled that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice. *See, e.g.*, *United States v. Austin*, 54 F.3d 394 (7th Cir. 1995) (no error to admit evidence of the defendant's settlement with the FTC, because it was offered to prove that the defendant was on notice that subsequent similar conduct was wrongful); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987) (in a civil rights action alleging that an officer used excessive force, a prior settlement by the City of another brutality claim was properly admitted to prove that the City was on notice of aggressive behavior by police officers). Here, the facts of the First Investigation put Defendants on notice their pay practices violated the FLSA, thus this evidence is not barred by Rule 408. Further, the facts of the First Investigation of Defendants are facts, not a settlement offer or conduct. *See*, *e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1055 (9th Cir. 2015) (holding consent decree from previous government investigation is admissible "for other purposes, such as to show notice or knowledge"). Finally, Courts routinely review the willful conduct of employers that occurred well before a complaint is filed. *See e.g. Scalia v. Ghosn*, 451 F. Supp. 3d 1215, 1225 (W.D. Okla 2020) (court considered a prior investigation that occurred at least seven years prior to a complaint).

[11] *See* SOF ¶ 39.

**H. The Secretary's remedies are appropriate.**

*1. The Secretary correctly calculated back wages owed to Defendants' employees.*

As previously outlined, due to Defendants' FLSA violations, Defendants owe a total of $1,151,349.56 in back wages to their employees. (SOF ¶ 47). Defendants complain the back wages for kitchen employees uses an estimate of hours worked; however, the sole reason the Secretary is required to rely on reasonable estimates is because Defendants failed to keep accurate records from which a more exact calculation could be made. (SOF ¶¶ 20-22). *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (holding it is the employer's burden to provide evidence negating the reasonableness of the Secretary's reconstructed calculations where the employer failed to make or keep accurate records).

Defendants argue they are entitled to offset the back wages. However, fatal to their claim, Defendants admit they have no records to support any "offset". (SOF ¶ 29). Defendants attempt to now dispute this admission (Defendants' Response to SOF 29), yet they do not include any such evidence in their response or even in their own motion for summary judgment. If such evidence existed, now is the time to present it. *Sec. & Exch. Comm'n v. GenAudio Inc.*, 32 F.4th 902, 942 (10th Cir. 2022) (rejecting a theory by the non-movant because there was "an absence of evidence" and explaining "summary judgment is the 'put up or shut up' moment in a lawsuit").

*2. Defendants are liable for liquidated damages.*

Under the FLSA, liquidated damages in an amount equal to the back wages is required unless the employer can prove it acted both in good faith and reasonable objectiveness. *Renfro v. City of Emporia*, 948 F.2d 1529, 1540 (10th Cir. 1991). Defendants have not put forth any facts to meet their burden of proving they acted in both good faith and with reasonable objectiveness, and indeed the undisputed facts establish they did not. (SOF ¶¶ 31-32, 43). Thus, the Court must award liquidated damages.

*3. An injunction is proper.*

Plaintiff is entitled to an injunction because "the Secretary has established violations of the Act" and there is no evidence Defendants will not re-violate the FLSA. *Acosta v. Maranto*, No. CIV-15-1378-D, 2018 WL

1997770, at *8–9 (W.D. Okla. Apr. 27, 2018). Defendants have not put forth any facts showing they have taken steps to ensure they are in current compliance with the FLSA, such as hiring an expert or even requesting Wage and Hour review their new "tip pool" to ensure compliance. Further, Defendants have not changed the "salary" paid to kitchen employees to comply with the FLSA. Thus, the Secretary is entitled to an injunction.

**I. The Secretary is entitled to civil money penalties.**[12]

Plaintiff is entitled to the $424,629 finally determined CMPs because the undisputed facts establish Defendants failed to exhaust their administrative remedies.[13] (SOF ¶ 51). Alternatively, under the APA, the undisputed facts establish the Secretary's assessment was not arbitrary and capricious, because the Secretary acted within its authority to assess civil money penalties (SOF ¶ 48); and the Secretary considered the requisite and discretionary factors in setting the penalty amount (SOF ¶¶ 49-50). Accordingly, summary judgement should be granted for the Plaintiff, ordering Defendants to pay the finally determined CMPs. *See Kwan Man v. Acosta*, 742 F. App'x 303, 304 (9th Cir. 2018) (finding that the DOL's assessment of CMPs for violations of the overtime provisions of the FLSA was not "arbitrary, capricious, or an abuse of discretion").

## IV. CONCLUSION

As the undisputed evidence establishes, Defendants repeatedly and willfully violated the FLSA sections 3(m), 6, 7, and 11; deprived their employees of tips, minimum wage, and overtime as a matter of law; and are liable for unpaid compensation totaling $1,151,349.56 plus an equal amount of liquidated damages. This Court should also issue an injunction restraining Defendants from violating the FLSA in the future. Finally, the Secretary is entitled to an order to recover the $424,629 in civil money penalties.

Seema Nanda
Solicitor of Labor

---

[12] Defendants incorrectly argue the Pre-trial Order does not include Plaintiff's claim for civil money penalties. *See* Doc. 79 at pp. 9-10, 16).

[13] The Court's review of Plaintiff's claim for the finally determined civil money penalties is governed by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. ("APA"). *Darby v. Cisneros*, 509 U.S. 137, 146-47 (1993). If the Court finds Defendants exhausted their administrative remedies, then the Court reviews the agency's final order as an appellate court. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). The Court's review is limited to the parts of the record cited by the parties. 5 U.S.C § 706(2).

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

*s/Traci Martin*
Traci Martin
Senior Trial Attorney
KS Bar No. 24284
martin.traci.e@dol.gov

*s/Elaine M. Smith*
Elaine M. Smith
Trial Attorney
Mo Bar # 69352, *admitted pro hac vice*
Smith.elaine.m@dol.gov

2300 Main Street, Suite 10100
Kansas City, MO 64108
(816) 285-7262
(816) 285-7287 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a copy to:

David O. Alegria
Attorney At Law
5895 S.W. 29th Street
Topeka, Kansas 66614
davidalegria@cox.net

*Attorney for Defendants*

s/ Elaine M. Smith