IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE SU, ACTING SECRETARY OF
LABOR, U.S. DEPARTMENT OF LABOR,

          Plaintiff,

v.                                          Case No.  22-1004-JWB

LOS COCOS MEXICAN RESTAURANT,
INC., et al.,

          Defendant.

**MEMORANDUM DECISION**

This matter is before the court on Plaintiff's motion for partial summary.  (Doc. 143.)  On August 26, 2024 prior to the start of trial, the court granted Plaintiff's motion in part and denied it in part on the record.  This order details the court's reasoning for that decision.  The court also made rulings on evidentiary issues as reflected herein.

**Plaintiff's Motion for Partial Summary Judgment.**  Plaintiff filed a motion for partial summary judgment asserting that Defendants have waived their statute of limitations defense based on their execution of six separate tolling agreements.  Defendant Alvaro de Leon did not sign any of the tolling agreements.  All agreements, with the exception of the fourth agreement, were signed by Plaintiff's representative and Defendants Delgado (both individually and on behalf of Los Cocos) and Alfaro.  The fourth agreement was not executed by Plaintiff.  Defendants Delgado and Alfaro have put forth evidence that they did not receive a signed copy of the first five tolling agreements from Plaintiff.  (Docs. 147-2, 147-3.)  Although Defendants object to the authenticity of the agreements in Plaintiff's filing, it is clear from the response which attached the same agreements (although some were unsigned) that they do not dispute that these were the tolling

1

agreements exchanged by the parties during the investigation.  (*Id.*)  Further, Plaintiff authenticated the tolling agreements by submitting a declaration by the investigator with her reply brief.  (Doc. 148-1.)

The first tolling agreement tolled the limitations period from May 16, 2019 through October 23, 2020 and was signed on May 15, 2020 by Defendants and on September 17, 2020 by Director Reed Trone.  (Doc. 143-1.)  All subsequent tolling agreements tolled the period from May 16, 2019 to a later date in the future depending on when the agreement was executed.  (Docs. 143-2–143-5.)  The last tolling agreement (the sixth agreement) tolled the limitations period from June 15, 2017 until the time that the Secretary filed a lawsuit, which is referred to as the "tolling period." (Doc. 143-6.)  The agreement further states that the "tolling period" "will not be included in computing the time limited by any statute of limitations, nor will the Tolling Period be raised in any other defense raised by Employers (including laches) that otherwise would be available to Employers concerning the timeliness of any legal proceedings that may be brought against Employers as a result of the Secretary's findings from this investigation. The Secretary and Employers specifically agree that any applicable statute of limitations shall be tolled for the entire Tolling Period set forth herein."  (*See e.g.*, Doc. 143-6 at ¶ 4.)  Defendants were represented by counsel when the sixth agreement was executed.  The sixth agreement was signed by Defendants Delgado (both individually and on behalf of Los Cocos) and Alfaro on June 10 and 17, 2021.  It was signed by Elaine Smith for DOL on June 21, 2021.  Ms. Smith then sent the fully executed agreement to Defendants' counsel on June 21, 2021.  (Doc. 143-7.)

Plaintiff moves for partial summary judgment on the basis that the statute of limitations was tolled under the agreements or, alternatively, that Defendants waived their statute of limitations defense.  In response, Defendants assert that the first five tolling agreements are not

enforceable because Plaintiff either did not sign them or did not return the executed agreements to them.  In essence, they are arguing that the contracts were never accepted by Plaintiff and therefore not enforceable.  Federal statutes of limitations can often be tolled by agreement.  *Nat'l Credit Union Admin. Bd. v. Barclays Cap. Inc.*, 785 F.3d 387, 392 (10th Cir. 2015).  Courts look to state law to determine if the tolling agreement is enforceable.  *See Brough v. O.C. Tanner Co.*, 2019 WL 181355, at *3 (D. Utah Jan. 11, 2019) (citing *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 802–03 (10th Cir. 1980)).  Under Kansas law, a written contract signed by one party but acted upon by both parties as a binding agreement is enforceable against the party who signed it.  *See Scottsdale Ins. Co. v. James L. Gardner Tr.*, No. 98-1343-MLB, 2001 WL 1325954, at *2 (D. Kan. May 16, 2001) (citing *Sentney v. Hutchinson Interurban Ry. Co.*, 90 Kan. 610 (1913) (a written contract, signed by one party only, but fully recognized and acted upon by both is binding).  *See also Hartford Fire Ins. Co. v. P & H Cattle Co.*, 451 F. Supp. 2d 1262, 1273 (D. Kan. 2006), aff'd, 248 F. App'x 942 (10th Cir. 2007).  Defendants accepted the benefit of not being sued during the time period at issue and Defendants cannot now assert that the agreements are not enforceable because of the lack of Plaintiff's signature.  *See id.*; *see also Hallard v. Kinney*, 135 Kan. 323 (1932). *See also J.P.C. Petroleum Corp. v. Vulcan Steel Tank Corp.*, 118 F.2d 713, 716 (10th Cir. 1941) ("a contract becomes binding where it is executed by one party, is forwarded to the other for execution or approval, is received and retained by the latter but never formally signed or approved by him, and both parties act in reliance upon it as a valid contract.")  Therefore, the court finds that all of the tolling agreements are enforceable against Defendants Delgado (both individually and on behalf of Los Cocos) and Alfaro.

Even when a tolling agreement is not enforceable, the Tenth Circuit has held that a party's waiver with respect to a statute of limitations defense is enforceable.  *See Nat'l Credit Union*

*Admin. Bd. v. Barclays Cap. Inc.*, 785 F.3d 387, 393 (10th Cir. 2015). Here, the agreements include both an agreement to toll the statute of limitations and Defendants' waiver of any defense with respect to the tolling period in the agreements.

The court finds that Defendants Los Cocos, Delgado, and Alfaro have waived their statute of limitations defense with respect to the time period May 16, 2019 to the date that this action is filed. Those Defendants executed all of the tolling agreements as evidenced in their declarations and they were represented by counsel when at least two of the agreements were executed. The fact that one or more agreements were not signed by Plaintiff does not effect the waiver. *See Perez v. Arizona Logistics Inc.*, 2022 WL 973585, at *4 (D. Ariz. Mar. 31, 2022). Defendants expressly promised not to raise a defense regarding the tolling period on six different occasions. Plaintiff relied on those promises by not bringing an action during the time period that they were investigating and engaged in negotiations. Defendants must be held to that promise even though the statute of limitations has passed. *See Nat'l Credit Union Admin.*, 785 F.3d at 393. Plaintiff's motion is granted as to Los Cocos, Delgado, and Alfaro. Plaintiff's motion is denied as to Alvaro de Leon.

Therefore, Plaintiff's claims regarding FLSA violations from May 16, 2017 are not barred by the statute of limitations as to these Defendants. Defendant Alvaro de Leon did not execute the agreements and Plaintiff makes no argument as to how these agreements waived his ability to assert a statute of limitation defense. As to Alvaro de Leon, because he did not individually waive his right to assert the defense, he can only be liable for violations occurring from January 6, 2020. If Plaintiff proves that he acted willfully, Plaintiff could recover against Alvaro de Leon for violations occurring from January 6, 2019.

In their response brief, Defendants have asked for sanctions due to alleged misconduct by Plaintiff. Defendants' request is denied as it fails to comply with Federal Rule of Civil Procedure 11(c) which requires that a separate motion be filed and served.

**Defendants' exhibits 10-13 (Tax Returns and Profit and Loss statement) and Evidence regarding financial condition.** At the in limine hearing, Plaintiff renewed her motion to exclude evidence of Defendants' financial condition and the exhibits relating to the same on the basis that the evidence was not relevant to the issues since the parties dismissed the count seeking civil penalties. Defendants assert that this evidence is relevant to the issue of liquidated damages. However, liquidated damages are a form of compensatory damages. *See Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 707 (1945). As such, Defendants' financial condition is not relevant to this issue. *See Walsh v. Fusion Japanese Steakhouse, Inc*., 585 F. Supp. 3d 766, 791 (W.D. Pa. 2022) (citing cases). After review, the court finds that Defendants' financial condition is not relevant to the issues remaining and the motion to exclude these exhibits is granted.

**Employee Statements.** Several employees provided statements to Plaintiff during her investigation. These statements were provided to Defendants without the name of the employee making the statement because Plaintiff invoked the government's informer privilege. This privilege is to protect the informer's identity, who has provided confidential information in a statement which tends to indicate that the person giving it has cooperated with the government against the employer. *See Keenan v. Dep't of Labor*, 851 F. App'x 865 (10th Cir. 2021). The identity of the informer is protected due to concern that an employer would pressure the employees to change their testimony or discourage them from testifying. *Id.* Defendant asks the court to require Defendant to reveal the identity of the informers. In response, Plaintiff asks the court to withhold the identity of the informer until the morning of the testimony and asserts that the

employees are concerned that they may be fired, although that would be a violation of the law in and of itself.  In *Keenan*, the Tenth Circuit approved disclosure of the statement's after the witness testified, which is similar to the standard under the Jencks Act.  After review and in accordance with *Keenan*, the court finds that disclosure of the unredacted statements on the morning prior to the employee's testimony is appropriate to protect the informant and provide a sufficient amount of time for Defendants to prepare for cross examination.

IT IS SO ORDERED.  Dated this 28th day of August 2024.

                    s/ John W. Broomes
                    JOHN W. BROOMES
                    UNITED STATES DISTRICT JUDGE