IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCE MICONE[1], ACTING SECRETARY OF
LABOR, U.S. DEPARTMENT OF LABOR,

        Plaintiff,

v.                                                           Case No.  22-1004-JWB

LOS COCOS MEXICAN RESTAURANT,
INC., et al.,

        Defendants.

**MEMORANDUM DECISION and INJUNCTION**

This matter is before the court on the parties' briefing regarding liquidated damages and injunctive relief.  (Docs. 179, 184, 187.)  After review, the court finds that Plaintiff is entitled to liquidated damages and injunctive relief in this matter.

**I.**      **Procedural History**

Plaintiff U.S. Department of Labor brought this action against Los Cocos Mexican Restaurant, Inc., Sergio Delgado, Luis Alfaro, and Jose Alvaro de Leon for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").  Plaintiff alleged that Defendants violated the FLSA by failing to pay minimum wages, overtime, and by operating an unlawful tip pool from May 2017 through December 2022.  Plaintiff moved for summary judgment on some claims.  In ruling on summary judgment, the court found that Defendants violated the overtime provision as to the servers and failed to maintain and keep certain required records.  The court awarded Plaintiff $16,734.08 in back wages for those violations.  (Doc. 90 at 20.)

---

[1] At the time of trial, the Acting Secretary of Labor was Julie Su.  During the pendency of post-trial briefing, Vince Micone was appointed as Acting Secretary.

1

Prior to trial, Plaintiff also moved for summary judgment as to Defendants' statute of limitations defense. Defendants asserted that the tolling agreements executed by Defendants Delgado and Alfaro on behalf of themselves and Los Cocos were not enforceable. The court held that the tolling agreements were enforceable against Los Cocos, Delgado and Alfaro. (*See* Doc. 156.) With respect to Defendant Alvaro, however, the court held that the tolling agreements were not enforceable. Therefore, Alvaro was only liable for violations occurring from January 6, 2020, unless Plaintiff proved that Alvaro acted willfully and, in such a case, he would be liable for violations occurring from January 6, 2019. Because the other Defendants had executed valid tolling agreements, Plaintiff did not need to prove willful conduct to recover for all of the alleged violations at trial. The court, however, instructed the jury as to willfulness and asked the jury to advise the court on this issue as to all Defendants.

A jury trial was held on August 26, 27, 28, 29, and 30, 2024. The jury returned a verdict in favor of Plaintiff on all claims and found all Defendants acted willfully to violate the minimum wage, overtime, and tip provisions of the FLSA. The jury awarded Plaintiff $957,323.75 in back wages for these violations, which was the entire amount of back wages damages sought by Plaintiff. The jury further found that all Defendants were employers under the FLSA.

Plaintiff now seeks an order of liquidated damages in the amount of $974,057.83, which represents an equivalent amount of this court's prior award and the jury verdict. *See* 29 U.S.C. § 216(b). (Doc. 179.) Plaintiff also requests that the court issue an injunction prohibiting Defendants from violating the FLSA. Defendants oppose Plaintiff's request for liquidated damages and injunctive relief. (Doc. 184.)

**II.    Analysis**

If an employer is found to have violated the FLSA, the employer is liable for both the unpaid compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The purpose behind liquidated damages in the FLSA context lies in 'the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages.'" *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1272 (10th Cir. 2011) (quoting *Renfro v. City of Emporia*, 948 F.2d 1529, 1540 (10th Cir. 1991)). However, the court may exercise its discretion and award less or no liquidated damages "if the employer can establish that his conduct was both in good faith and based on a reasonable belief that his conduct was not in violation of the FLSA." *Id.* (citing 29 U.S.C. § 260). The good faith injury is subjective, requiring an "honest intention to ascertain and follow the dictates" of the FLSA. *Id.* The reasonableness inquiry, however, is objective. *Id.* The court may only deny liquidated damages when the employer has met this burden. *Fowler v. Incor*, 279 F. App'x 590, 600 (10th Cir. 2008). Further, if a jury made a determination that a defendant willfully violated the FLSA, the court is prohibited from reaching a contrary result as to liquidated damages. *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1273, 1295 (D. Kan. 2012), *aff'd*, 770 F.3d 1300 (10th Cir. 2014) (citing *Brinkman v. Dep't of Corrections of Kan.*, 21 F.3d 370, 372–73 (10th Cir. 1994)).

Given that background, the court first turns to Defendant Alvaro. The jury was required to make a finding regarding willful conduct as to Defendant Alvaro due to his statute of limitations defense. Therefore, the court is bound by the jury's finding that he acted willfully and Plaintiff's request for liquidated damages as to Alvaro is granted. *See id.*

Turning to the remaining Defendants, they argue that the evidence at trial established that they acted in good faith and had a reasonable belief that their conduct was not in violation of the FLSA. The jury's determination that they all acted willfully in violating the FLSA is persuasive

on this issue but not binding on the court. Based on the evidence and the jury's findings, however, the court finds that liquidated damages are required under the statute because Defendants have not met their burden.

Defendants' brief is replete with argument that the jury's findings were incorrect and that their conduct did not violate the FLSA. While Defendants are free to make those arguments on appeal, the posture of this matter is that the jury concluded that Defendants violated the FLSA by failing to pay overtime, minimum wages, and by operating an invalid tip pool. Defendants argue that they reasonably believed that their policies were in compliance with the FLSA. They fail to point to any evidence to show that they had a reasonable belief that their policies were lawful or that they honestly intended to ascertain and follow the dictates of the FLSA. As pointed out by Plaintiff, Defendants did not make an effort to seek the advice of attorneys or other personnel experts on their policies even though they had previously been found in violation of the FLSA for utilizing similar practices. *See Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1136–37 (10th Cir. 2000) (discussing that reliance on experts can support a finding that an employer acted with a reasonable belief that an unlawful policy did not violate the FLSA).

With respect to the cooks' compensation, which the jury determined to violate the FLSA's overtime law as the cooks were paid a fixed amount weekly and were not paid overtime, Defendants asserted that "as far as Los Cocos knew, they believed the compensation agreement made with the cooks and kitchen staff was legal and complied with the law." (Doc. 184 at 16.) The testimony cited in support of this assertion is as follows:

> Q. This arrangement where you would pay a fixed amount for up to 60 hours, that's the arrangement we're going to talk about. Okay? You did not check to make sure that method of payment was legal and according to the law, correct?
>
> A. (Mr. Delgado.) Yes, as far as I know, as long as you pay the minimum plus the overtime, that would be the law.

4

(Tr. at 653:7–13.)

This testimony fails to present any evidence as to why Defendants believed that their payment of a flat weekly amount complied with the FLSA's requirement to pay overtime for any hours worked over 40. As such, the court cannot determine that Defendants acted in good faith and had a reasonable belief that this policy complied with the FLSA.

Further, there was significant evidence that Defendants' invalid tip pool was operated substantially the same as the tip pool in 2009, which was found to be unlawful by Plaintiff during an investigation at that time. (*See* Doc. 179 at 3–5) (citing to trial evidence regarding the tip pool practices). Defendants assert that they had a good faith belief that their new policy did not violate the FLSA because they made sure to follow the investigator's previous instructions given in 2009. The testimony regarding their belief and those instructions, however, does not support a finding that Defendants acted reasonably and in good faith by restarting the tip policy which the jury found violated the FLSA. When questioned whether Defendants reached out to anyone to confirm that the tip pool was lawful, Alfaro testified that they only asked the waiters. (Tr. at 757:12–14.) They did not ask an attorney, their accountant, the Department of Labor or even search online. They just knew "that [the policy paid] over the minimum wage" so they believed they were in compliance. (*Id.* at 757:25–758:1.) Further, even though they had been provided materials by the Department of Labor, those materials were only reviewed "lightly." (*Id.* at 755:10–14.)

These actions are not reasonable and in good faith given the evidence that Defendants' prior policy violated the FLSA and that they failed to verify that the new policy was in compliance with the law. Defendants' brief spends considerable time discussing their lack of education and their goodwill towards their employees. While that evidence was admitted during trial, Defendants fail to show how such evidence would negate a finding that liquidated damages are due in this

5

case. *See Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984) ("An employer's ignorance of the requirements of the Act does not constitute reasonable grounds for believing that his actions complied with the Act.")

Therefore, for the reasons set forth herein and the reasons set forth in Plaintiff's brief in support of liquidated damages, the court finds that liquidated damages are appropriate in this case against all Defendants.

Plaintiff also seeks injunctive relief. Defendants object on the basis that they are now in compliance with the FLSA and injunctive relief is not necessary. The court disagrees. Defendants' brief makes it clear that Defendants continue to believe that their unlawful pay practices were not in violation of the FLSA. Although Defendants insist that they have made changes to their practices, there was evidence that some of the practices continue. (*See* Doc. 179 at 8) (citing to the record). Therefore, based on the violations found by the jury, the evidence of a repeated violation, and Defendants' continued assertions that they did not violate the FLSA notwithstanding the jury's verdict, the court finds that injunctive relief is warranted.

### III.   Conclusion

Plaintiff is awarded $974,057.83 in liquidated damages.

It is FURTHER ORDERED pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 3(m)(2)(B), 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA.

IT IS SO ORDERED. Dated this 29th day of January, 2025.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE